UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALVARO SANCHEZ AGUILLAR,<br><br>Defendant. | NOS. CR-09-2057-RHW<br>CV-10-3029-RHW<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

Before the Court is Defendant's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 40).

On July 7, 2009, Defendant plead guilty to Being an Alien in the United States Following Deportation and on the same day was sentenced to 18 months imprisonment and one-year supervised release. At the sentencing hearing, the Government and Defendant's counsel recommended that Defendant be sentenced to time served. The Court rejected the parties' recommendations and concluded that based on the number of prior deportations, as well as the fact that Defendant engaged in assaultive conduct toward his wife after he returned to the United States a sentence of 18 months was appropriate under 18 U.S.C. § 3553.

On June 8, 2010, Defendant filed *pro se* his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 40). In his motion, Defendant presents four grounds for relief: (1) ineffective assistance of counsel in failing to object at sentencing to increased sentence and

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** ~ 1

breach of plea agreement; (2) actual innocence; (3) ineffective assistance of counsel in failing to object to aggravation of sentence for non-existent grounds; and (4) ineffective assistance of counsel in failing to file notice of appeal.

## RULE 4 ANALYSIS

Under 28 U.S.C. § 2255, the federal district court reviews the motion, attached exhibits, and the record of prior proceedings to determine if these documents "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. If no relief is available, the petition is dismissed; otherwise, "the court shall cause notice thereof to be served upon the United States Attorney." *Id.* Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the court may, *sua sponte*, dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." However, if the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

## INEFFECTIVE ASSISTANCE OF COUNSEL

The underlying basis for three Defendant's claims is ineffective assistance of counsel. To establish ineffective assistance of counsel, Defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Fry*, 322 F.3d 1198, 1200 (9th Cir. 2003). To satisfy *Strickland's* first prong, the acts or omissions must fall "outside the wide range of professionally competent assistance." *Id.* at 690. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 ~ 2**

undermine confidence in the outcome." *Id. Strickland's* second prong thus "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687.

The Court starts from the presumption that Defendant's counsel is "competent to provide the guiding hand that the defendant needs." *United States v. Cronic*, 466 U.S. 648, 658 (1984); *see also Soppahthavong v. Palmateer*, 378 F.3d 859, 868 (9th Cir. 2004), *quoting Strickland*, 466 U.S. at 690("A court must scrutinize counsel's performance deferentially: '[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'").

Here, Defendant's claims that his counsel was ineffective are meritless. First, Defendant alleges that his counsel should have objected to the breach of the plea agreement and failed to do so. However, the Government did not breach the plea agreement. As set forth above, pursuant to the parties' agreement, the Government recommended a sentence of time served. Defendant's counsel joined in that recommendation, and upon notice by the Court that it intended to sentence above the Guideline sentence, argued that this sentence was not warranted because Defendant's wife intended to reconcile with Defendant and Defendant had an incentive to remain in Mexico.

Defendant now argues that he has a constitutional right to be sentenced according to the terms of the plea agreement. However, at the change of plea hearing, the Court specifically instructed Defendant that the Court did not have to follow the Guidelines or the parties' recommendations and the Court had the authority to sentence Defendant to the maximum sentence. Defendant indicated that he understood this. Defendant has a right to enforce the plea agreement, although the Court notes that there was no written agreement between Defendant and the Government. Even so, it does not appear that either Defendant or the Government breached any agreement they had reached. Moreover, Defendant has

not shown that his defense was prejudiced by his counsel's performance. Defendant has not argued or shown that the Court erred in sentencing him to 18 months.

Moreover, Defendant maintains that his sentence was increased based on non-existent grounds. Defendant maintains that his sentence was enhanced based on the grounds that there was reentry after deportation of an aggravated felony and asserts that his counsel should have objected to any increase of sentence based on this factor. This argument fails because the offense level was not increased based on the grounds that there was reentry after deportation of an aggravated felony. According to the PSIR, the final adjusted offense level was 6. There was no enhancement for any prior felonies.

Finally, Defendant alleges that he asked his counsel to file a notice of appeal. He reports that his counsel said for an additional $1,000 he would file the notice of appeal and appeal. In a letter to the Court, Defendant's counsel indicated that he advised Defendant that if he wanted to appeal the court's decision to the Ninth Circuit, that counsel could either do it for him (for an additional fee), or if he did not have the money for an appeal, that counsel would contact the Federal public defenders for him to file an appeal without costs.[1] Counsel indicated that Defendant refused, saying that an appeal would take too long. Defendant cannot now say that his counsel failed to file a notice of appeal after Defendant directly instructed his counsel to not file the appeal.

## ACTUAL INNOCENCE

Defendant attempts to collaterally attack his prior deportations. He maintains that his prior convictions are only misdemeanors and asserts that he is entitled to remain in the United States unless he commits a felony offense. Defendant has waived his right to collaterally attack his prior deportations. At his

---

[1] The Court notes that Defendant was initially represented by the Federal Defenders.

**ORDER DISMISSING DEFENDANT'S
MOTION UNDER 28 U.S.C. § 2255** ~ 4

change of plea hearing, the Court specifically instructed Defendant that he had a right to look at his prior deportations to see if there was anything illegal about the deportation process. Defendant acknowledged this and knowingly waived his right to do so in this proceeding.

## CONCLUSION

The Court has reviewed Defendant's petition and the record in this case. The Court concludes that Defendant has failed to show that he is entitled to relief. As such, his § 2255 motion is dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 40) is **DISMISSED**.

2.  The Court declines to issue a certificate of appealability. Defendant has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2), nor has he shown that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted)

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this 18th day of November, 2010.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2009\Sanchez Aguillar\RULE 4.WPD

**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** ~ 5